UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY MANZANAREZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-1387** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is plaintiffs Larry Manzanarez and Leonel Manzanarez's (collectively, the "plaintiffs") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is granted.

### I.

This case arises out of a motor vehicle accident involving the plaintiffs that occurred on October 18, 2017.[2] The plaintiffs sued numerous defendants in the Civil District Court for the Parish of Orleans, alleging that the accident occurred as a result of the negligence of the other driver, who was allegedly working as an employee for defendant JLB Contractors, LLC ("JLB Contractors") at the time of the accident.[3] On February 14, 2019, JLB Contractors and defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") (collectively, the "defendants") removed the case to federal court.[4]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1-9, at 2.
[3] *See id.* at 2–3.
[4] R. Doc. No. 1.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse as the plaintiffs are both Louisiana citizens and both JLB Contractors and Liberty Mutual are foreign corporations.[5] However, the plaintiffs dispute the amount in controversy. They assert that the jurisdictional amount does not exceed $75,000 and that, as a result, the Court must remand this case for lack of subject matter jurisdiction.[6]

---

[5] *See* R. Doc. No. 1-9, at 1.
[6] *See* R. Doc. No. 8-1, at 1.

When faced with an amount-in-controversy dispute, the applicable standard of proof depends on whether the plaintiff's state court petition alleges a specific dollar amount in damages. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the petition alleges a specific amount and that amount exceeds $75,000, such amount "controls in good faith." *Id.* "In order for the court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1983)).

However, in cases such as this one where the petition does not specify a damages amount, the removing defendant must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs, by a preponderance of the evidence.[7] *Id.* "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citations omitted). Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar*, 47 F.3d at 1412).[8]

---

[7] Under Louisiana law, a plaintiff may not petition for a specific monetary amount. La. Code Civ. P. art. 893(A)(1).
[8] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d at 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

## II.

First, it is not facially apparent from the face of the state court petition that the damages are likely to exceed $75,000: the allegations in the petition are too few and too vague.[9] The petition states that, as a result of the alleged accident, the plaintiffs "sustained physical injuries which required medical treatment."[10] The petition is silent, however, as to the extent or severity of the plaintiffs' injuries, and it gives no indication that either plaintiff has undergone surgery or been recommended any particular treatment. *See Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (Vance, J.) (noting that the plaintiff did not allege "any required surgery" or mention any "period of hospitalization"); *Touchet v. Union Oil Co. of Cal.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiffs allege[ ], without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries."); *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) (holding that remand was proper based on a jurisdictional amount inquiry, in part because, "[w]hile the plaintiffs' list [of claims]

---

A plaintiff may establish legal certainty "in various ways." *De Aguilar*, 47 F.3d at 1412. For example, "[p]laintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (quoting *De Aguilar*, 47 F.3d at 1412).

[9] Indeed, the defendants acknowledge as much. *See* R. Doc. No. 1-3, at 2 ("These allegations of injury are not very specific and [are] non-descript.").

[10] R. Doc. No. 1-9, at 3.

is extensive, there is no evidence as to the *nature or extent* of any of the claims") (emphasis added).

The list of damages is also limited. The petition states that the plaintiffs are entitled to reimbursement for "hospital, physician and health care provider expenses" that they did or may incur.[11] It also alleges that the plaintiffs continue to experience "mental and physical pain and suffering."[12] On the basis of the petition alone, the Court cannot conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Because the petition fails the facially apparent test, the Court must consider whether the defendants have set forth facts in controversy that nonetheless support a finding of the requisite jurisdictional amount. *Allen*, 63 F.3d at 1335. With respect to the amount in controversy, the defendants' sole basis for the propriety of removal is that the plaintiffs' counsel refused to stipulate that their damages amount to less than $75,000.[13] The defendants contend that, "[because] refusal to stipulate is the only factor to consider, there is nothing to weigh against it, and the preponderance of the evidence [demonstrates] that the damages exceed $75,000."[14]

It is true that a plaintiff's refusal to sign a stipulation is one factor the court may consider as part of the jurisdictional-amount inquiry, *See Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *5 (E.D. La. June 20, 2011) (Fallon, J.)

---

[11] R. Doc. No. 1-9, at 3.
[12] *Id.*
[13] R. Doc. No. 1-3, at 2–3.
[14] R. Doc. No. 10, at 2.

5

(explaining that a refusal to stipulate is "not dispositive of the amount in controversy" but is, rather, one factor for courts to consider). However, a plaintiff's failure to stipulate to the contours of the amount in controversy "does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied." *Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. Apr. 2, 2008) (Zainey, J.); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[Courts] must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."). The plaintiffs were not required to submit evidence to refute the defendants' evidence. And just because the only evidence in the record is the plaintiffs' refusal to stipulate to the fact that the amount in controversy exceeds $75,000 does not mean that the preponderance of such evidence demonstrates that jurisdiction exists. If that were the case, *any* evidence submitted by a removing party—no matter how persuasive—would suffice.

The plaintiffs' refusal to stipulate, without more, is simply insufficient for the Court to conclude that the defendants have met their burden. *See Hill v. Alford*, No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (Brown, J.) (rejecting the defendants' argument that the plaintiff's failure to stipulate established that the jurisdictional amount exceeded $75,000 and noting that "[t]he burden on [the] [d]efendants 'to produce information' that the amount in controversy exceeds $75,000 is an 'affirmative' one") (quoting *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)); *Nuñez-Nuñez v. Manuel*, No. 16-32, 2016 WL 552486, at *3 (E.D. La.

6

Feb. 12, 2016) ("Without more detail regarding the severity of plaintiff's alleged injuries and the extent of damages sought, the Court cannot conclude that the plaintiff's failure to specify or stipulate damages alone somehow relieves the defendants of their burden to establish that the amount in controversy in this case exceeds $75,000."); *Flitter v. Walmart Stores, Inc.*, No. 09-236, 2009 WL 2136271, at *4 (M.D. La. June 19, 2009) (rejecting the defendants' argument that the plaintiff's refusal to stipulate was sufficient for the court to conclude they had met their burden and noting that those cases in which a failure to stipulate resulted in a finding of jurisdiction involved additional evidence).[15]

---

[15] The plaintiffs rely in part on this Court's decision in *Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (Africk, J.) for the proposition that a plaintiff's failure to stipulate is inadequate to satisfy the removing party's burden. R. Doc. No. 8-2, at 6. In an attempt to distinguish *Carbajal*, the defendants note that, in *Carabjal*, "there was much more evidence to consider regarding case value." R. Doc. No. 10, at 1. Regardless, this Court acknowledged in *Carbajal* that, although a plaintiff's failure to stipulate is a factor to consider when assessing a case's jurisdictional amount, "it alone will not defeat a plaintiff's motion to remand." *Carbajal*, 2006 WL 1030392, at *3.

## III.

Accordingly,

**IT IS ORDERED** that Larry Manzanarez and Leonel Manzanarez's motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, March 21, 2019.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**